HARDY, Judge.
This is a suit by plaintiff for the recovery of damages resulting from an automobile accident and he appeals from judgment in favor of defendants rejecting his demands.
The accident occurred shortly after 7:00 o’clock, A.M. on January 28, 196S, in Claiborne Parish on Louisiana Highway 2 at the “T” intersection of Highway 9. The vehicles involved were plaintiff’s Chevrolet automobile, which he was driving east on the highway, and a Chevrolet school bus owned and operated by the defendant, John S. Willis, insured by defendant, Travelers Insurance Company, which was headed west.
The principal charge of negligence made by each driver is that the other driver was on the wrong side of the highway, which act of negligence was the proximate cause of the collision. The issue is entirely factual as there is no real question as to the principles of law which are involved.
The district judge reached the conclusion, with which we are in agreement after examination of the record, that the drivers of the vehicles involved in the collision were the only actual eye witnesses to the accident. Plaintiff tendered another party who testified that he was closely following the school bus in a westerly direction on the highway but it is clear from the testimony of this witness that he did not see the occurrence of the collision. Indeed, we think this witness came upon the scene after the arrival of another witness who was following plaintiff’s automobile traveling in an easterly direction at a distance of approximately a quarter of a mile.
The testimony of the two drivers is in conflict. Plaintiff testified that Willis, driver of the school bus, had actually turned his vehicle to the left across the center of the highway in order to begin his entrance into the road intersecting the highway from the south; that, when traveling at a speed of approximately 55 miles per hour, he observed the school bus encroaching upon his lane of travel, he immediately applied his brakes but was unable to avoid the head-on collision which involved the right front of both vehicles. To the contrary, the defendant, Willis, testified that he gave a blinker light signal indicating his intention to make a left turn at a point approximately 150 feet east of the intersection; that he brought his vehicle to a stop in his proper lane of travel and that plaintiff turned across the center line of the road and struck the bus while it was still stopped. Although plaintiff insisted that the bus had turned across the center line of the highway, he did not testify that it was actually in motion at the time of the impact.
We think the most reliable and convincing testimony as to the point of impact was given by Trooper Grigsby who arrived at the scene approximately 20 minutes after the occurrence of the accident, and, in addition to talking to the drivers, made a thorough investigation of the physical circumstances surrounding the accident. According to the testimony of this witness the skidmarks of plaintiff’s Chevrolet measured 51 feet beginning in the south or eastbound lane of the highway and turning across the center line. The Trooper further testified that the debris resulting from the impact of the vehicles was entirely within the north or westbound lane of the highway and he had no hesitancy in expressing the opinion that the point of impact was entirely within this lane. It is pertinent to observe that the measured skid-mark of 51 feet cast serious doubt upon the accuracy of plaintiff’s version of the accident as to distances since allowance for reaction time at a speed of 55 miles per hour would place his vehicle far beyond the 60 or 75 feet which he testified was his approximation of the distance separating the vehicles at the time he claims to have observed the school bus turning across the center line of the highway.
*128 In argument and brief before this ■court counsel for appellant urgently contends that the location of the damage to the respective vehicles strongly indicates that the school bus was turned at an angle to the south at the time of the impact. We •do not think this conclusion necessarily follows, but even conceding, arguendo, that the bus was actually turned toward the ■south, this in itself does not justify the conclusion that any part of it was across the center line of the highway.
The reasons for judgment of the ■district judge were set forth in a written opinion detailing and analyzing the testimony of the witnesses who appeared on trial. Our own examination of the record fails to disclose any error in this analysis and evaluation of the testimony which preponderantly supports the judgment rendered.
For the reasons assigned the judgment ■appealed from is affirmed at appellant’s ■cost.